Frank I. RALEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14892.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300.

Shoemake & Briggs, Pawhuska, Berry & Berry, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder & Grayson P. Van Horn, Asst. Attys. Gen., for defendant in error.

BRETT, Presiding Judge.

This is an appeal from a conviction for Driving While Under The Influence Of Intoxicating Liquor. Plaintiff in error, Frank I. Raley, hereafter referred to as defendant, was tried by a jury, convicted and the jury fixed his punishment at a fine of $500 and confinement in the County Jail for 120 days.

The only question concerned in this appeal is—did the state prove the defendant was driving an automobile while intoxicated? Under the facts contained in the record, this question is answered in the affirmative.

Defendant offers two propositions in his brief. The first asserts error was committed when the trial court refused to permit the defendant to introduce testimony of his character and reputation for truth and veracity, and as a law abiding and peaceful citizen, and the court's failure to instruct the jury concerning his good reputation.

As we view the matter before the Court, the only aspect which casts a shadow on defendant's character is whether or not he was driving while in an intoxicated condition. If the charge confronting defendant had been one of violent nature, defendant's peaceful character would no doubt have been an issue; however, this is not an issue concerned here. It seems that the defendant should be free to introduce evidence of his good character when confronted with any criminal charge whether it is a pertinent issue or not, but in this case we fail to see how the court's refusal to allow defendant's character evidence can be of sufficient nature as to constitute reversible error.

Defendant's second proposition asserts that error was committed when evidence of a blood test was admitted, without proper showing having been made of the circumstances of the withdrawal of the blood, and standards of care used in the taking of the blood sample. The medical doctor testified that a person whose blood test showed .20% by weight of blood alcohol would be intoxicated. The results of the defendant's blood sample test showed .20%. Defendant objected to all of the evidence concerning the blood test.

The state showed by the testimony of the Highway Patrol Officer that after defendant's arrest at approximately 10:00 P.M., September 8, 1965, he took defendant to the Pawhuska Hospital for a blood test, and that he observed the nurse take the blood sample. He stated that he saw her remove the needle from a small steam box; that she cleaned defendant's arm before drawing the blood with a substance taken from a bottle labeled "Visadex" and that after the blood-sample was drawn, the nurse placed it in a small glass vial which was taken from a storage bin compartment in a cabinet; and then she capped the vial and handed it to him and stated that no anti-coagulant was put in the blood. He testified that he marked the vial and placed it in a mailing container and the next morning, September 9th, Officer Phillips mailed the vial containing the blood-sample to the State Bureau of Investigation for chemical analysis.

The nurse who took the blood-sample, Miss Dorothy Gilkey, was out of the state and not available to testify; therefore, the state was required to use the officer's testimony to verify the procedure used in the taking of the blood-sample.

Mr. Jon Reininger, a qualified chemist for the State Bureau of Investigation, made the chemical analysis and testified concerning the results of the test, stating that the sample was received the next day, September 10th, and that he immediately refrigerated it. On the following September 29th, Mr. Reininger tested the sample by running the standard "Heise Method" test to determine the alcoholic content of blood. Mr. Reininger's report to the County Sheriff's Office, which showed that defendant had .20% by weight, blood alcohol, was also introduced as the state's exhibit number three. The chemist also testified that the solution "Visadex" that the nurse used to disinfect defendant's skin prior to taking the sample, was a non-alcoholic skin cleanser.

Dr. Richard W. Loy testified on cross-examination that 19 days after the blood sample was taken, the test for alcoholic content of blood would actually be lower than it would be if the blood were tested immediately after the sample was taken from the patient. He also stated that darvon capsules, or dexamyl, would not raise or lower the alcoholic content of the blood. He further verified the American Medical Association's established standards which reflect the relationship of the percentage of alcohol in a person's blood and the condition of intoxication.

After carefully reviewing the record before the Court, we are satisfied that the evidence pertaining to the taking of the blood for the alcoholic blood test was properly admitted. The officer observed each step taken by the nurse, and was able to sufficiently describe and identify the items used and the procedures fol-

**612**

lowed by the nurse. Also, we believe that even if all of the testimony concerning the blood test was excluded, there was sufficient evidence offered the jury which if believed, would be sufficient proof that defendant was driving while under the influence of intoxicating liquor. This is supported by the testimony of the arresting officer, who smelled intoxicating liquor on defendant's breath; testimony of persons who observed defendant in the hospital; other persons at the county jail who observed defendant's abnormal actions. As presented to the jury that evidence standing alone was sufficient to sustain the conviction in the trial court.

The reliability of blood tests for alcoholic content has been sufficiently established; the percentage of alcoholic content in the blood—as a factor for determining the degree of intoxication—has been accepted in most jurisdictions, as well as in Oklahoma. In the instant case the procedure followed in taking the blood sample was shown to have been executed by a competently trained registered nurse, and each item used was identified by personal observation of the officer. Consequently, under the circumstances, we do not feel it necessary to go into a detailed dissertation pertaining to the taking of the blood for the purpose of the administration of the alcoholic blood test.

There being no other error in the record to warrant reversal of this conviction, we are of the opinion that the judgment and sentence herein should be affirmed.

We observe however, there was no showing in the record whatsoever that this defendant had heretofore been convicted for any offense whatsoever; and conclude therefore that the sentence imposed on defendant must have resulted from passion and prejudices existent at the time of the trial, and therefore conclude that the sentence should be modified.

It is therefore the order of this Court that the sentence imposed in District Court Case Number 9219–CR, Osage County, Oklahoma, is modified from 120 days con-

finement in the Osage County Jail and the fine of $500, to a sentence of 30 days confinement in the County Jail and the fine of $250, and as modified the judgment and sentence is affirmed.

BUSSEY, and NIX, JJ., concur.