Donald **WEATHERFORD**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–75–686.

Court of Criminal Appeals of Oklahoma.

May 10, 1976.

Rehearing Denied June 2, 1976.

Jim Merz and Michael J. Moore, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Donald Weatherford, hereinafter referred to as defendant was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRM–75–1042, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at a term of twenty (20) days' imprisonment and a fine in the amount of One Hundred and Fifty ($150.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

Because this case must be reversed, a brief summary of the facts is all that is necessary. Two witnesses testified on behalf of the State. Jim Highfill, of the Oklahoma City Police Department, testified that he observed the defendant driving on South Byers Street in Oklahoma City and attempt to make a left turn on S.E. 11th Street, but instead he continued through the intersection. By failing to complete the turn, the defendant's vehicle wound up on the wrong side of the street, going against the flow of traffic. A driver of the vehicle traveling ahead of the officer had to swerve to avoid an accident with the defendant's vehicle. After he had stopped the defendant, the officer noticed that the defendant had an odor of alcohol on his breath, his eyes were red and his speech was hard to understand. It took the defendant a considerable amount of time to locate his driver's license and when he attempted to exit his vehicle he almost fell down. The officer arrested the defendant for driving a vehicle under the influence, read him the Miranda warnings and advised him of the implied consent law.

The officer transported the defendant to St. Anthony Hospital where a blood sample was drawn from his arm. The blood sample was analyzed by Ann G. Reed, a forensic chemist for the Oklahoma State Bureau of Investigation. She testified the percentage of alcohol in the sample was 0.25% weight volume.

The defendant did not present any evidence, or himself testify.

The defendant's sole assignment of error contains four grounds for reversal, but only one of them will be considered herein. It is the defendant's contention that the trial court erred in allowing the State chemist to testify because the State failed to establish the qualifications of the person who withdrew a specimen of the defendant's blood prior to the testimony of the State chemist regarding the blood alcohol analysis performed on the specimen. With this contention we must agree.

The only evidence offered by the State to prove the qualifications of the person who withdrew the defendant's blood was the testimony of the arresting officer. On direct examination the officer testified that he transported the defendant to the St. Anthony Hospital emergency room where he observed Cindi Johnson, whom he assumed to be a registered nurse, draw blood from the defendant's arm. After direct examina-

tion of the officer, the State chemist testified as to her analysis of the blood sample drawn from the defendant's arm. Following the chemist's testimony, the arresting officer was recalled for cross-examination by defense counsel. The officer admitted that he did not personally know the nurse who drew defendant's blood, nor did he know whether she had been issued a license as a registered nurse. On re-direct examination he stated that she wore a name tag which read "R.N. C. Johnson." As stated previously, this was the only evidence offered by the State to prove the qualifications of Cindi Johnson, and we note that she was indorsed as a witness on the information but was not called to testify.

The applicable statute in regard to administration of blood tests, 47 O.S.1971, § 752, in pertinent part provides:

"Only a licensed medical doctor, osteopathic physician, qualified technician, technologist, or registered nurse acting at the request of a law enforcement officer may withdraw blood for [the] purpose of determining the alcoholic content therein. . . ."

This Court has not directly ruled under this statute whether the State must establish the qualifications of the person who withdraws a blood sample as a prerequisite to the admission of the analysis of the blood sample. However, we observe that the Supreme Court of South Dakota, in *State v. Guthrie*, 85 S.D. 228, 180 N.W.2d 143 (1970), held that a sufficient foundation must be established for admitting into evidence the blood sample and result of its analysis. The applicable statute in South Dakota is comparable to 47 O.S.1971, § 752, except that it does not include a registered nurse as a person authorized to withdraw blood for the purpose of determining the alcoholic content therein. This fact does not effect the basis for comparison to our statute because we are primarily concerned, at this moment, with the establishment of the qualifications of the person authorized in the statute to withdraw

blood. In arriving at its holding, the South Dakota Supreme Court pointed out that the doctor who withdrew the blood in that case was not called to testify and the record did not indicate or establish that he was a medical doctor or that he was a person authorized by statute to withdraw blood.

We are of the opinion that the holding in *State v. Guthrie*, supra, is the correct position for the reason that any other position would defeat the purpose of § 752. This follows from our belief that the purpose of § 752 is to insure that blood alcohol tests are administered in a safe and reliable manner and that the blood be withdrawn properly to insure the trustworthiness of the analysis when it is offered as evidence.

Based upon 47 O.S.1971, § 752, and the facts as presented herein, we hold that the State failed to prove the qualifications of the person who withdrew the blood specimen from the defendant and, therefore, the State failed to establish a sufficient foundation for the admissibility into evidence of the result of the analysis of the blood specimen.

We would note that our holding herein does not effect our holding in *Raley v. State*, Okl.Cr., 479 P.2d 609 (1971), as stated in the third paragraph of the Syllabus:

"When a blood sample is taken by a professionally trained medical person under recognized hospital conditions, and each step of the procedure followed is personally observed by a competent witness; the materials used also specifically identified by that witness, in the absence of the person who took the blood sample, the observing witness may testify concerning the taking of the blood sample."

In this regard the defendant herein contends that the State failed to prove that the blood specimen removed from the de-

fendant was withdrawn using approved medical techniques and sufficient care to insure that the specimen was not contaminated. Under the holding in *Raley v. State,* supra, if the State in the case at bar had established that Cindi Johnson was a professionally trained medical person, the testimony of the arresting officer as to his observation of the procedure followed by her in withdrawing the defendant's blood would have been competent to refute the defendant's contention.

Because of our holding in this case it is not necessary to discuss the other contentions of the defendant. For the reasons above stated, the judgment and sentence is *REVERSED AND REMANDED* for a new trial.

BRETT, P. J., and BUSSEY, J., concur.