**Arvin Don ALLEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-116.**

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1978.

Charles C. Yon, Yon, Yon & Brooks, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Arvin Don Allen, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF-77-1363, of the felony offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second or Subsequent Offense. Defendant was sentenced to five (5) years' imprisonment and fined One Hundred ($100.00) Dollars; and from said judgment and sentence he has perfected a timely appeal.

Two witnesses were called by the State at the trial. Officer Holtz of the Oklahoma City Police Department testified that he saw the defendant stop at a traffic signal and then proceed through the intersection on a red light. He stated that defendant's automobile straddled the white line on the two southbound lanes of May Avenue. When the officer turned on his emergency lights the defendant turned into a gasoline station. Officer Holtz testified the defendant was bleeding from a cut above the nose and that the defendant did not know how he had received the cut. He further related

that he detected the odor of alcohol about the defendant, that defendant was unsteady on his feet and that his speech was not normal.

The appropriate warnings were given by the officer and defendant was transported to St. Anthony Hospital where a blood sample was taken.

Rodney Sherrer testified that while employed as a forensic chemist for the Oklahoma City Police Department, he conducted a test on the defendant's blood sample and determined the percentage of alcohol in the blood to be 0.15% by weight.

 Defendant raises but one assignment of error, and we agree that reversal of this conviction is necessary. Defendant contends that the State failed to show that a qualified party extracted the blood sample in question. Title 47 O.S.1971, § 752, states in part:

"Only a licensed medical doctor, osteopathic physician, qualified technician, technologist, or registered nurse acting at the request of a law enforcement officer may withdraw blood for purpose of determining the alcoholic content therein. . . ."

In *Weatherford v. State,* Okl.Cr., 549 P.2d 1221 (1976), this Court reversed a conviction for failure to show that the party who withdrew the blood sample was qualified, and ruled that failure to properly establish a foundation rendered the test results inadmissible. In the present case, Officer Holtz testified that a nurse, Mr. Chris Lamden, took the blood sample in his presence. The State totally failed to establish the qualifications of Mr. Lamden, thereby assuring the inadmissibility of the test results.

For the reason that the State did not satisfy the requirements of 47 O.S.1971, § 752, the judgment and sentence is REVERSED and the cause is REMANDED for a new trial not inconsistent with this opinion.

BUSSEY, P. J., and CORNISH, J., concur.